**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 15-1116 PA (MRWx) | Date | March 29, 2016 |
| Title | Todd Mueller, et al. v. Collectors Universe, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On October 2, 2015, plaintiffs Todd Mueller and Todd Mueller Autographs, LLC (collectively "Plaintiffs") filed a First Amended Complaint in this action. (Docket No. 34.) Plaintiffs alleged violation of 15 U.S.C. § 1 and two state law claims. On March 7, 2016, the Court granted a motion to dismiss Plaintiffs' federal claim and ordered Plaintiffs to file either a Second Amended Complaint or a Notice of Election to Abandon Federal Claim. (Docket No. 90.)

On March 28, 2016, Plaintiffs filed their Notice of Election to Abandon Federal Claim. (Docket No. 92.) Plaintiff's claim for violation of 15 U.S.C. § 1 is therefore dismissed with prejudice. Based on the allegations in the FAC, the Court possesses only supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim only if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, the Court has dismissed the only federal claim over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll Plaintiffs' statute of limitations on their state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period. The Court therefore dismisses Plaintiffs' remaining claims without prejudice.

IT IS SO ORDERED.